**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERTO JOSE RIVAS-MARIN, | No. 10-71287 |
| Petitioner, | Agency No. A039-804-830 |
| v. | |
| ERIC H. HOLDER JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2012[**]
San Francisco, California

Before: GRABER and TALLMAN, Circuit Judges, and TIMLIN, Senior District
Judge.[***]

Petitioner Alberto Rivas-Marin ("Rivas-Marin"), a native and citizen of

Nicaragua, petitions for review of a decision of the Board of Immigration Appeals

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert J. Timlin, Senior United States District Judge
for the Central District of California, sitting by designation.

("BIA"). The BIA upheld the immigration judge's ("IJ") ruling that Rivas-Marin's mail fraud conviction under 18 U.S.C. § 1341 constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), thus requiring his removal to Nicaragua.

Although 8 U.S.C. § 1252(a)(2)(C) prohibits judicial review of orders of removability resting on an alien's conviction for an aggravated felony, we still retain jurisdiction "to determine if jurisdiction exists." *Unuakhaulu v. Gonzales,* 416 F.3d 931, 935 (9th Cir. 2005) (internal quotation marks omitted). Thus, we may determine, as a matter of law, whether Rivas-Marin's mail fraud conviction is an aggravated felony under § 1101(a)(43)(M)(i), which defines "aggravated felony" as a crime involving fraud or deceit causing more than $10,000 in loss to victims.

The Supreme Court has held that an alien's mail fraud conviction under § 1341 is an aggravated felony under § 1101(a)(43)(M)(i). *Nijhawan v. Holder*, 129 S. Ct. 2294, 2303-04 (2009). Alternatively, Rivas-Marin's many admissions of fraudulent activity would establish the elements of "fraud or deceit" under a modified categorical approach. *See United States v. Aguila-Montes de Oca*, 655 F.3d 915, 936 (9th Cir. 2011) (per curiam).

The IJ used "fundamentally fair procedures" in determining that victims' losses exceeded $10,000. *Nijhawan*, 129 S. Ct. at 2302–03. Rivas-Marin was

2

ordered to pay $37 million in restitution. He also admitted that his scheme involved fraudulently inflating the value of several real estate properties by more than $100,000 each. At the same time, he offered no evidence demonstrating that losses were less than $10,000. The IJ fairly considered these facts in finding that Rivas-Marin's scheme caused losses of over $10,000.

Because we agree with the BIA and the IJ that Rivas-Marin is removable for having committed an aggravated felony, we dismiss his petition for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(C).

**PETITION DISMISSED**.